IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CV-198-D

| | |
|---|---|
| JARVIS MCMILLAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

Jarvis McMillan ("McMillan") seeks attorney's fees under 42 U.S.C. § 406(b) [D.E. 33]. Carolyn W. Colvin ("Commissioner") opposes his request. As explained below, the court awards attorney's fees of $6,393.75 for counsel's work in this court on McMillan's behalf. The award results in an effective hourly rate of $275, which appropriately incorporates a premium for counsel. The court also orders counsel to reimburse McMillan the $4,248.94 that counsel received pursuant to the Equal Access to Justice Act ("EAJA").

I.

On October 4, 2011, McMillan sued the Commissioner, alleging that the Commissioner wrongfully denied his application for Social Security disability insurance benefits ("benefits") [D.E. 6]. Before filing his complaint, McMillan entered into a contingent-fee agreement with his attorney, Charlotte W. Hall ("Hall" or "counsel"), and agreed to pay Hall 25 percent of any past-due benefits awarded to him. See [D.E. 35-3] ("Fee Agreement").

On May 22, 2012, the court reversed the Commissioner's denial of McMillan's application and remanded the case to the Commissioner [D.E. 30]. Ultimately, the Commissioner awarded

McMillan $119,097.90 in past-due benefits. See [D.E. 34-1] ("Notice of Award") 3. Pursuant to 42 U.S.C. § 406(a)(4), the Commissioner withheld 25 percent of that award, or $29,774.50, from McMillan for potential attorney's fees. Notice of Award 3. The Commissioner paid Hall $6,000 from that amount for representing McMillan in administrative proceedings. See Def.'s Res. Pl.'s Mot. 1; 42 U.S.C. § 406(a)(2)(A)(ii)(II).

On June 5, 2012, McMillan moved for an award of attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412(d) [D.E. 31]. On June 12, 2012, the court granted McMillan's motion and ordered the Commissioner to pay Hall $4,248.94 [D.E. 32].

On October 25, 2013, McMillan moved for an award of $23,774.50 in attorney's fees pursuant to 42 U.S.C. § 406(b) [D.E. 33]. On November 8, 2013, the Commissioner responded in opposition and asked the court to award Hall a reasonable attorney's fee and, if appropriate, order Hall to refund to McMillan the EAJA award of $4,248.94 [D.E. 34].

II.

"The prescriptions set out in [sections] 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." Gisbrecht v. Barnhart, 535 U.S. 789, 795–96 (2002). Section 406 sets forth the fees to be awarded to an attorney who successfully represents a claimant in an administrative or a court proceeding. See 42 U.S.C. § 406(a)–(b). A successful attorney's fee cannot exceed 25 percent of the claimant's past-due benefits. Id. § 406(a)(2)(A), (b)(1)(A); see Morris v. Soc. Sec. Admin., 689 F.2d 495, 496–97 (4th Cir. 1982) (per curiam). Accordingly, section 406 authorizes the Commissioner to withhold 25 percent of the claimant's past-due benefits to ensure that the claimant's attorney receives his fee. 42 U.S.C. § 406(a)(4), (b)(1)(A).

Section 406 addresses attorney's fees for administrative proceedings and court proceedings

2

separately. Section 406(a) governs fees for representation in administrative proceedings. 42 U.S.C. § 406(a); see Gisbrecht, 535 U.S. at 794. Under section 406(a), the Commissioner shall approve an attorney's fee agreement, subject to the limitation that the fee must be the lesser of either $6,000 or 25 percent of the claimant's past-due benefits. 42 U.S.C. § 406(a)(2)(A); 74 Fed. Reg. 6080-02 (Feb. 4, 2009) (increasing the maximum dollar amount limit under section 406(a)(2)(A)(ii)(II) from $4,000 to $6,000, effective June 22, 2009); see Gisbrecht, 535 U.S. at 795. Section 406(b) governs fees for representation in court. 42 U.S.C. § 406(b); see Gisbrecht, 535 U.S. at 794. Under section 406(b), the court may award "a reasonable fee" not to exceed 25 percent of the claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A); see Gisbrecht, 535 U.S. at 795.

The EAJA supplements section 406 and provides that a party who prevails in court against an agency—including a successful Social Security benefits claimant—may be awarded fees payable by the United States if the agency's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A); see Gisbrecht, 535 U.S. at 796. If an attorney receives fees under both section 406(b) and the EAJA, the attorney must "refun[d] to the claimant the amount of the smaller fee." Gisbrecht, 535 U.S. at 796 (alteration in original) (quotation omitted).

In accordance with section 406, the Commissioner withheld 25 percent of McMillan's past-due benefits, or $29,774.50. See Notice of Award 3. In addition, pursuant to section 406(a)(2)(A)(ii)(II), the Commissioner awarded Hall $6,000 for representing McMillan in administrative proceedings. See Def.'s Res. Pl.'s Mot. 1. Thus, the Commissioner continues to withhold $23,774.50 of McMillan's award.

Hall now seeks that very amount, $23,774.50, as a reasonable attorney's fee under section 406(b)(1), based on the contingent-fee agreement under which she represented McMillan. See Pl.'s

3

Mot. [D.E. 33] 3; Fee Agreement.[1] The Commissioner contends that the amount requested is unreasonable because Hall dedicated only 23.25 hours to the case, see Pl.'s Mot. 2, meaning that Hall would be compensated at an hourly rate of $1,022.56 per hour. See Def.'s Res. Pl.'s Mot. 6.[2]

In determining whether a contingent-fee agreement is "reasonable" under section 406(b), the court "look[s] first to the contingent-fee agreement, then test[s] it for reasonableness." Mudd v. Barnhart, 418 F.3d 424, 428 (2005). The court performs an "independent check" to ensure that "the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807. In testing the fee for reasonableness, the court considers (1) "the character of the representation and the results the representative achieved," (2) whether the attorney intentionally delayed court proceedings to "profit from the accumulation of benefits," and (3) the amount of time the attorney spent on the case compared to the benefits awarded. Gisbrecht, 535 U.S. at 808; see Mudd, 418 F.3d at 428. "In a great majority of the cases, . . . a reasonable fee will be much less than the statutory maximum" allowable fee. Redden v. Celebreeze, 370 F.2d 373, 376 (4th Cir. 1966).

Hall represented McMillan before this court and ultimately obtained benefits for McMillan,

---

[1] Hall claims that the amount she requests, $23,774.50, is less than 25 percent of the benefits awarded to McMillan, $119,097.90. See Pl.'s Mot. 1. In fact, $23,774.50 is exactly 25 percent of $119,097.90, minus the $6,000 Hall already received for work at the administrative level. Under section 406, Hall's combined award for representing McMillan before the Commissioner and the court cannot exceed 25 percent of McMillan's benefits. See Morris, 689 F.2d at 496–97.

[2] Hall incorrectly contends that her effective hourly rate would be $729.92 (i.e. $19,525.56 divided by 26.75 hours). See Pl.'s Mot. 2–3. There are two problems with Hall's calculation. First, Hall requests $23,774.50, not $19,525.56, under section 406(b). The fact that she must reimburse McMillan the $4,248.94 that she received pursuant to the EAJA does not change the amount requested. See Gisbrecht, 525 U.S. at 796. Second, section 406(b) authorizes the award of attorney's fees only for "representation in court, or for court-related work." Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005). Hall spent 23.25 hours, not 26.75 hours, on court-related work for McMillan. She cannot count the 3.5 hours she spent on McMillan's case after the court remanded it to the Commissioner. See Sullivan v. Finkelstein, 496 U.S. 617, 624–25 (1990).

4

and nothing suggests that Hall intentionally delayed court proceedings for profit. Nevertheless, awarding Hall the entire fee provided for in the contingent-fee agreement would result in a windfall for Hall. Simply put, the amount of time that Hall spent on the case is disproportionate to McMillan's recovery. See Mudd, 418 F.3d at 428. Hall spent 23.25 hours working on McMillan's appeal. See Pl.'s Mot. 2. Although Hall has not submitted a declaration stating the hourly rate that she charges for noncontingent-fee cases, the court still may evaluate the reasonableness of the contingent-fee agreement. Cf. Gisbrecht, 535 U.S. at 808. Were the court to award Hall the amount she requests, her effective hourly rate for court-related work would be $1,022.56 per hour. An award of $23,774.50 for Hall's services before this court is unreasonable.

Having fully considered the entire record, the court finds that an award of $6,393.75 is reasonable. Such an award results in an effective hourly rate of $275 for her work in this court. This rate includes a generous premium for Hall's having assumed the risk of receiving no compensation for her work on McMillan's behalf. See, e.g., Cooper v. Astrue, No. 4:09-CV-177-D, 2012 WL 2872446, at *3 (E.D.N.C. July 12, 2012) (unpublished).

III.

In sum, the court GRANTS IN PART plaintiff's motion for an attorney's fee [D.E. 33] and awards counsel $6,393.75. The court ORDERS counsel to reimburse plaintiff the $4,248.94 that counsel received pursuant to the EAJA.

SO ORDERED. This 12 day of December 2013.

JAMES C. DEVER III
Chief United States District Judge